JOSEPH SADT, APPELLEE, v. SUNDERLAND BROTHERS COMPANY, APPELLANT.

FILED NOVEMBER 17, 1916. No. 19031.

Master and Servant: INJURY TO SERVANT: APPEAL: REVIEW. In this an action by a servant to recover for personal injuries sustained by the alleged negligence of the master, the evidence is examined, and *held* to sustain the verdict, and no error is found in the giving or refusing of instructions.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Gurley, Woodrough & Fitch,* for appellant.

*Mahoney & Kennedy,* contra.

LETTON, J.

Action for damages for personal injuries. Plaintiff recovered judgment. Defendant appeals.

The plaintiff, who is a Syrian, was employed as a day laborer by the defendant, who is a dealer in building materials and maintains yards in the city of Omaha. While plaintiff and another Syrian, named Ebdouch, were shoveling sand out of a car, defendant's foreman attempted to move another car, loaded with sand, which was standing upon the same track about 200 feet from that in which the men were at work. The track sloped downward from where the car stood to the car which the men were un-

loading.  The negligence charged is that the defendant negligently set in motion the loaded car and caused it "to be suddenly and violently precipitated against the sand car on which plaintiff was busily engaged as before-described," whereby plaintiff was thrown down and severely injured.

The foreman testified that before he started the car he looked at the brake shoes, which were apparently set against the wheels.  He climbed on the car, taking a pick handle with him to use as a brake stick to put in the wheel to give more leverage.  He then called to the man who had the lever or jack to start the car while he kept the brake on to try it.  This was to test the brakes.  He testifies, then "I got down and *removed the blocks from under the wheels.* I got back on the car, and told him to push, * * * to use his jack."  He says that he released the brake when the car was started, and that after the car had advanced five or six feet he tried the brake again and it would not hold; that there was only one way to try the brake, and that was to wind it up, which he did, and it refused to work.  He then called to Mr. Hurt, the superintendent of the yard, and told him the car was going. Hurt put boards under the wheels to try to stop the car, without success.  They both shouted to the men near and about the car to look out.  The car continued to move rapidly until it struck the car in which the plaintiff and Ebdouch were standing.  Ebdouch saw the car coming, braced himself, and was not hurt; but plaintiff, probably engrossed with his work, did not hear the alarm in time, and when the collision took place was thrown down and quite severely injured.  When Hurt saw he was unable to stop the car, he ran to where a team was tied to a car beyond the car in which the plaintiff was working, untied the team, and got it away before the collision occurred. Several bystanders testify that they heard Hurt and Eastman shouting.  Ebdouch testified that when he first saw the run-away car it was standing on the track about a block away, that when he next saw it it was within six

feet of the car in which he was working, and coming rapidly. Plaintiff also testified that he did not see the car at all, and was not aware of its presence until Ebdouch called to him, and that moment the car was struck. There is some conflict as to how the plaintiff faced while at work. Some witnesses say he was looking west to the approaching car. He says he was looking south and east until Ebdouch called, and he then looked west.

The court left it to the jury, by its instructions, to say whether the defendant's foreman had used proper and reasonable care in the starting of the car, in the methods and manner employed for moving the car and controlling its progress, and in notifying plaintiff of the movement of the car. It refused to give an instruction to the effect that "the undisputed evidence shows that the car in question was inspected and started and handled in the usual and customary way of inspecting, starting and handling cars under similar conditions, and in like businesses as that of the defendant. And you are therefore instructed that the evidence fails to show that the defendant was guilty of negligence." The giving of the first and the refusal to give the second of these instructions is complained of. We are satisfied that there was no error in these rulings. The foreman's own evidence shows that the wheels of the car were blocked when he ordered the man with the jack to start the car in order to see if the brakes held. The question of negligence was one for the jury, and the evidence justified a finding that proper care had not been exercised in inspecting and testing the brakes. The instruction refused, by its terms, virtually took the case away from the jury, and was properly rejected.

It is complained that the amount of damages awarded is grossly excessive. The jury returned the verdict in favor of plaintiff for the sum of $5,275. Plaintiff is a common laborer 52 years of age. There is testimony that he had worked off and on for the Omaha Gas Company for about two years, but that he was discharged in December,

Sadt v. Sunderland Bros. Co.

1913, because he was in such physical condition that he was unable to do the work of the other men in the gang, and that while working he had complained of pain in his side. He was in St. Joseph's hospital from January 8, 1914, until February 16, for treatment for a growth on his lip and other minor troubles. The injury complained of was received on June 11, 1914. The medical testimony in his behalf showed that immediately after the accident he seemed to be suffering from shock. He was taken to the hospital, where he remained about six weeks. For some time he could retain nothing upon his stomach without suffering pain; even liquids were distressing to him. He passed bloody urine, and there was blood present in his vomit, indicating a rupture of the blood vessels in the lining of the stomach. The nerves of the right shoulder were injured so that the muscles have shrunken to a noticeable degree, and he has suffered intense pain. The X-ray showed a clot of blood in the region of the left kidney. The doctor who attended him says that he thinks he will never permanently recover from the injuries. He usually earned $2 a day. It is shown that at the age of 52 an annuity payable annually, at current rates, costs $1,340 for each $100. The plaintiff testifies that he is unable to work on account of pain in his side and shoulder, and there seems to be no proof to the contrary. His testimony in some minor and collateral matters seems not to be strictly in accordance with the facts. This may be on account of lack of full understanding of the English language and inability to express himself in it clearly. But, conceding the inaccuracy, there seems to be little or no dispute as to the cause or the nature of the injury. After his medical and hospital bill are paid he will have about $5,000 left, which is not so excessive a recovery as to justify interference with the verdict.

AFFIRMED.

ROSE and SEDGWICK, JJ., not sitting.